# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3180
_____

United States of America

*Plaintiff - Appellee*

v.

Richard Alan Kucera

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Central
_____

Submitted: June 10, 2026
Filed: August 13, 2026
_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.
_____

GRUENDER, Circuit Judge.

A jury found Richard Kucera guilty of two counts of sex trafficking and aiding and abetting the sex trafficking of a child, *see* 18 U.S.C. §§ 1591(a)(1), (a)(2), 2, and two counts of production of child pornography, *see* 18 U.S.C. § 2251(a), (e). Kucera challenges the denial of his motion to suppress and certain jury instructions. We affirm.

# I. Background

A co-defendant introduced Richard Kucera to two minor girls, E.B. and A.W. Kucera paid each girl money to let him produce pornographic images of her and to engage in sexual activity with him. After being indicted by a federal grand jury, Kucera was arrested and taken to the Tripp County Sheriff's Office, where he was interviewed by Special Agents Adam Topping and Dave Keith of the Federal Bureau of Investigation (FBI). The beginning of the interview included the following conversation:

> **Kucera:** Only thing, I guess, should I have a lawyer?
> **Topping:** Yeah, we'll get to that once . . .
> **Kucera:** I mean . . .
> **Topping:** What's that?
> **Kucera:** Even starting right now? I guess I'm not under . . . I . . .
> **Topping:** That's what we're going to go over right now.
> **Kucera:** I got too many damn TV shows.
> **Topping:** That's what we're going to go over right now.
> **Keith:** He'll read it right from the sheet for you.

Shortly thereafter, Special Agent Topping read Kucera his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436 (1966), from the FBI's standard Advice of Rights form. When asked, Kucera indicated that he had no questions about his rights and that he was willing to talk to the agents. He then signed the Advice of Rights form, which states that the suspect understands his rights and is "willing to answer questions without a lawyer present." He spoke with the agents for almost an hour and made various incriminating statements, including that he had paid various women and girls to engage in sexual activity with him and to allow him to take pornographic photos and videos of them. In that interview, as well as at trial and sentencing, Kucera maintained that he believed each girl was an adult because of affirmative representations from his co-defendant and the girls.

A grand jury later returned a superseding indictment charging Kucera with three counts of sex trafficking and aiding and abetting the sex trafficking of a child and three counts of production of child pornography. Kucera moved to suppress his post-arrest statements to the agents, but the district court[1] denied the motion. It held that he had made a voluntary, knowing, and intelligent waiver of his *Miranda* rights and that his question "should I have a lawyer?" was not an unequivocal invocation of his right to counsel.

At trial, Kucera challenged the Government's proposed jury instructions on two grounds that are relevant to this appeal. First, Kucera challenged the Government's proposed jury instructions that, even if Kucera did not know or recklessly disregard the fact that his victims were minors, he could still be convicted of sex trafficking under 18 U.S.C. § 1591, if he "had a reasonable opportunity to observe" the victims. *See* 18 U.S.C. § 1591(c) (providing that the Government need not prove defendant knew or recklessly disregarded a minor's age if "the defendant had a reasonable opportunity to observe" the minor). Kucera argued that this instruction was a constructive amendment of the indictment and that the statutory phrase "reasonable opportunity to observe" was unconstitutionally vague. Second, Kucera challenged the Government's proposed jury instructions that the prosecution was not required to prove that Kucera knew his victims were minors for the child pornography charges under 18 U.S.C. § 2251(a). Kucera argued that this was erroneous because § 2251 requires the Government to prove that he acted with a *mens rea* of knowledge or reckless disregard as to his victims' ages or, in the alternative, permits an affirmative mistake-of-age defense. The district court[2] denied both motions and gave, effectively, the challenged instructions.

---

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota, adopting the Report and Recommendation of the Honorable Mark A. Moreno, United States Magistrate Judge for the District of South Dakota.

[2]The Honorable Eric C. Schulte, United States District Judge for the District of South Dakota, to whom this case was reassigned.

-3-

The jury convicted Kucera of two of the sex trafficking counts and two of the child pornography counts. It acquitted him of the two remaining counts. The district court sentenced Kucera to 300 months' imprisonment, and he appeals.

## II. Discussion

Kucera contends that the district court erred (1) in denying his motion to suppress, (2) when instructing the jury on the sex trafficking counts, and (3) when instructing the jury on the child pornography counts. We address each argument in turn.

## A. Motion to Suppress

Kucera argues that his post-arrest statements should have been suppressed because he unambiguously invoked his right to counsel and did not knowingly, intelligently, and voluntarily waive his *Miranda* rights.

"We review the district court's factual findings concerning whether a defendant waived his *Miranda* rights under the clearly erroneous standard. We review the ultimate determination of whether waiver occurred, however, as a question of law subject to de novo review."[3] *United States v. Winn*, 969 F.2d 642, 643 (8th Cir. 1992) (citation modified). Law enforcement officers are not permitted to continue questioning a suspect who has requested counsel. *Miranda*, 384 U.S. at 474. But officers are not required to cease questioning or "ask clarifying questions" unless a suspect has made "an unambiguous or unequivocal" request for counsel.

[3]Some of our post-*Winn* decisions have implied that we review the legal question of whether a defendant waived his *Miranda* rights for clear error. *See, e.g.*, *United States v. Ferrer-Montoya*, 483 F.3d 565, 569 (8th Cir. 2007). Regardless, "when faced with conflicting panel opinions, the earliest opinion must be followed as it should have controlled the subsequent panels that created the conflict." *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (citation modified). For the sake of clarity, we reiterate that *Winn* reflects the proper standard for evaluating a *Miranda* waiver claim.

*Davis v. United States*, 512 U.S. 452, 459, 461-62 (1994).  To determine whether a statement is unambiguous, we ask whether "a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."  *Id.* at 459.

Here, the relevant facts are undisputed, and we agree with the district court that Kucera did not unambiguously invoke his right to counsel when he asked "should I have a lawyer? . . .  Even starting right now?"  In *United States v. Havlik*, we held that the statement "I don't have a lawyer.  I guess I need to get one, don't I?" was "insufficient to trigger an obligation to cease questioning."  710 F.3d 818, 821 (8th Cir. 2013).  We noted that "a reasonable officer could have understood [the suspect's] response to be a request for advice about whether to seek counsel, rather than a request for counsel."  *Id.* at 822.  So too here.  The most natural interpretation of Kucera's words is that he was asking the agents for advice about whether he should have a lawyer.  Such a question does not unequivocally invoke the right to counsel under our precedent.  *See id.* at 821-22; *see also United States v. Mohr*, 772 F.3d 1143, 1145-46 (8th Cir. 2014) (finding no unequivocal invocation of the right to counsel when the defendant asked "Should I get a lawyer at this time? . . . I think I should get one.").

Kucera also asserts that any waiver of his *Miranda* rights was not voluntary, knowing, and intelligent.  But this argument fares no better.  We review whether the accused knowingly and voluntarily waived his rights *de novo*.  *United States v. Gaddy*, 532 F.3d 783, 788 (8th Cir. 2008).  Our inquiry into whether a suspect voluntarily, knowingly, and intelligently waived his *Miranda* rights has "two distinct dimensions."  *United States v. Rooney*, 63 F.4th 1160, 1168 (8th Cir. 2023) (citation modified).  "First, the waiver must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception."  *Id.*  "Second, the suspect must have waived his rights with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  *Id.*

We disagree with Kucera's assertion that he was misled by the agents and consequently did not understand his right to have a lawyer present. The agents responded to Kucera's question about whether he should have a lawyer by saying that they were "going to go over [it] right now" and would "read it right from the sheet for" him. They then read him his rights, including his right to remain silent, to consult with a lawyer before the officers asked him any questions, and to have a lawyer with him during the interview. The fact that the agents did not give Kucera advice about whether he should speak with a lawyer is far removed from the sort of "coercive" activity that makes a confession involuntary, particularly given that Kucera told the agents that he had no questions, signed a form agreeing that he understood his rights, and agreed to speak with the agents. *See United States v. Vinton*, 631 F.3d 476, 482 (8th Cir. 2011); *see also United States v. Roberts*, 975 F.3d 709, 718 (8th Cir. 2020) ("Absent improper threats, use of physical force, or intimidation tactics, psychological pressure almost never renders a confession involuntary."). Nor do we see any error in the district court's conclusion that, under the totality of the circumstances, Kucera waived his rights knowingly and intelligently. *See Rooney*, 63 F.4th at 1168.

We therefore conclude that the district court did not err in denying Kucera's motion to suppress his statements.

## B. Section 1591 Jury Instructions

We next address Kucera's challenges to the jury instructions relating to the sex trafficking counts under § 1591. To begin, Kucera argues that the district court constructively amended the indictment when it instructed the jury that the Government need not prove that Kucera knew or recklessly disregarded the minors' ages if he had a "reasonable opportunity to observe" them.

"A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner—often through the evidence presented at trial or the jury instructions—that the jury is allowed to convict

the defendant of an offense different from or in addition to the offenses charged in the indictment." *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007). "It is unclear" in this circuit whether constructive amendment claims are reviewed *de novo* or for an abuse of discretion, but we need not resolve the question here because we would reach the same result under either standard. *See United States v. Chopra*, 67 F.4th 913, 915 (8th Cir. 2023).

The relevant counts of the superseding indictment take the following form:

> On or about [alleged time period], in the District of South Dakota and elsewhere, in and affecting interstate and foreign commerce, Richard Alan Kucera and [co-defendant], aiding and abetting each other, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means, a person, to wit: [minor's name], knowing and recklessly disregarding that [minor's name] had not attained the age of 18 years, and having had a reasonable opportunity to observe [minor's name], and knowing and recklessly disregarding that means of force, threats of force, fraud, and coercion would be used to cause [minor's name] to engage in a commercial sex act, and did benefit, financially and by receiving anything of value from participation in a venture engaged in such acts, all in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), and 2.

These counts are phrased in the conjunctive; they charge that Kucera (1) knew and recklessly disregarded the minors' ages, *and* (2) had a reasonable opportunity to observe the minors, *and* (3) knew and recklessly disregarded that force, threats of force, fraud, and coercion would be used. This contrasts with § 1591, which does not require that a defendant know or recklessly disregard a minor's age where the defendant "had a reasonable opportunity to observe" the minor. *See* 18 U.S.C. § 1591(c). The district court, following the statute, instructed the jury that it need not find that Kucera knew or recklessly disregarded the victims' ages if it found he had a reasonable opportunity to observe the victims. This instruction was not error. "An indictment may be phrased in the conjunctive, when the statute and jury instructions are phrased in the disjunctive, without creating a constructive amendment of the indictment." *United States v. Spencer*, 592 F.3d 866, 873-74 (8th

Cir. 2010); *see also Griffin v. United States*, 502 U.S. 46, 56-57 (1991) ("[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged.").

Kucera's contrary arguments are without merit. Specifically, he asserts that the indictment was unclear as to whether the phrase "having had a reasonable opportunity to observe" relieves the Government of its burden to prove he knew or had reckless disregard of a minor's age. But "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010). The indictment, reasonably construed, supports both the charged offense and the related jury instructions.

Kucera also highlights that the indictment did not cite 1591(c), the provision containing the reasonable opportunity to observe language. But this did not render the indictment misleading. "An error in, or the omission of, a statute's citation in the body of an indictment is not grounds for a conviction's reversal unless the error or omission misleads the defendant to his prejudice." *United States v. Buchanan*, 574 F.3d 554, 566 (8th Cir. 2009). The out-of-circuit cases Kucera relies on are inapposite because they addressed indictments that entirely neglected to include the "reasonable opportunity to observe" language. *See United States v. Lockhart*, 844 F.3d 501, 515 (5th Cir. 2016); *United States v. Davis*, 854 F.3d 601, 604-05 (9th Cir. 2017).

Alternatively, Kucera argues that § 1591(c) is unconstitutionally vague as applied to him. We review whether a penal statute is void for vagueness *de novo*. *United States v. Lazzaro*, 129 F.4th 514, 525 (8th Cir. 2025). We have previously rejected this precise challenge to § 1591(c). *See United States v. Koech*, 992 F.3d 686, 690 (8th Cir. 2021) ("The term reasonable opportunity to observe provides a person of ordinary intelligence fair notice of what is prohibited, is subject to common understanding, and is typical of standards that juries are asked to consider." (citation

modified)). Kucera fails to meaningfully distinguish his case from *Koech*, which also involved a minor who had allegedly lied about her age during an in-person sexual encounter. *See id.* at 689. Kucera plainly "had a reasonable opportunity to observe" his victims and therefore, having "engaged in conduct that is clearly proscribed," he "cannot complain of the vagueness of the law." *See id.* at 690.

### C. Section 2251(a) Jury Instructions

Finally, we address Kucera's challenges to the jury instructions related to the child pornography charges under § 2251(a). Kucera first argues that the district court erred by instructing the jury that the Government need not prove that Kucera knew his victims were minors. In relevant part, § 2251(a) criminalizes:

> entic[ing] . . . any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce . . . .

Kucera argues that the provision requires a *mens rea* of knowledge or at least reckless disregard as to the victims' ages. "We review questions of statutory interpretation *de novo*." *United States v. Moreira-Bravo*, 56 F.4th 568, 570 (8th Cir. 2022).

We have previously recognized that "section 2251(a) contains no scienter requirement" regarding a minor victim's age. *United States v. Wilson*, 565 F.3d 1059, 1066 (8th Cir. 2009); *see also United States v. Nosley*, 62 F.4th 1120, 1129 (8th Cir. 2023). Nonetheless, Kucera contends that in *Rehaif v. United States*, 588 U.S. 225 (2019), the Supreme Court impliedly overruled *Wilson*. This argument fails; § 2251(a) bears no resemblance to the statutory scheme at issue in *Rehaif*. *Rehaif* addressed 18 U.S.C. § 924(a)(2), which made it an offense to "knowingly

-9-

violate" several provisions of federal firearms law, including § 922(g)(5), which prohibited aliens illegally in the United States from possessing a firearm. *Id.* at 227. The Court held that § 924(a)(2)'s "knowingly" element extended to § 922(g)(5), thus requiring the Government to prove that the defendant *knew* he was an alien unlawfully in the country. *Id.* Here, however, § 2251(a) has only two *mens rea* terms, neither of which are related to the age of the minor. The first requires "intent" that the minor engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. The second requires that the defendant "know[] or ha[ve] reason to know" that the visual depiction will implicate interstate commerce. Neither of these terms can plausibly be read to apply to the preceding and unconnected word "minor."

*Rehaif* also rested heavily on "the ordinary presumption" in favor of scienter in federal criminal statutes. *Id.* at 229. That reasoning does not apply with equal force to statutes like § 2251(a), which were enacted "in the context of a longstanding, near-universal tradition of strict liability as to the victim's age in child sex crimes." *See Moreira-Bravo*, 56 F.4th at 572-77 (holding, post-*Rehaif*, that statute prohibiting the transportation of minors with intent to engage in criminal sexual activity does not require *mens rea* as to age). Likewise, Kucera's argument that a *mens rea* requirement is needed to distinguish innocent from wrongful conduct fails for the same reason. *See Wilson*, 565 F.3d at 1068-69 (analogizing § 2251(a) to strict liability for statutory rape). We therefore see no serious argument that *Rehaif* impliedly overruled *Wilson*.

Alternatively, Kucera suggests that we should permit mistake of age to be raised as an affirmative defense, citing a Ninth Circuit decision holding that the First Amendment requires as much. *See United States v. U.S. Dist. Ct.*, 858 F.2d 534, 540-42 (9th Cir. 1988). But we rejected exactly this argument in *Wilson*, 565 F.3d at 1067-69, and Kucera points to nothing in *Rehaif* or any relevant, intervening Supreme Court decision to the contrary. His contention "is therefore squarely foreclosed by our precedent." *See United States v. Thurber*, 106 F.4th 814, 832 (8th Cir. 2024).

### III. Conclusion

For the foregoing reasons, we affirm.

KELLY, Circuit Judge, concurring in part, and concurring in the judgment.

I concur in the court's opinion but write separately because I would affirm the § 2251(a) conviction on slightly different grounds. Our precedent establishes there is no scienter requirement with regard to an alleged victim's age to convict under this statute. See, e.g., United States v. Nosley, 62 F.4th 1120, 1129 (8th Cir. 2023) (first citing United States v. Wilson, 565 F.3d 1059, 1066–69 (8th Cir. 2009); and then citing United States v. Moreira-Bravo, 56 F.4th 568, 573–74 (8th Cir. 2022)). This longstanding refusal to apply the "ordinary presumption" in favor of scienter differentiates our interpretation of § 2251(a), which we have characterized as a strict liability statute, from the reasoning behind Rehaif. See Rehaif v. United States, 588 U.S. 225, 229 (2019); Moreira-Bravo, 56 F.4th at 572–77 (recognizing a "tradition of strict liability as to the victim's age in child sex crimes" like violations of § 2251(a)). I agree we are bound by this precedent. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).

As the court notes, we have also expressly declined to recognize a mistake of age defense to a charge under § 2251(a). See United States v. Thurber, 106 F.4th 814, 832 (8th Cir. 2024) (quoting Wilson, 565 F.3d at 1068–69). If not for this precedent, however, I would seek briefing from the parties on the legal viability of such a defense. See United States v. U.S. Dist. Ct. for Cent. Dist. of Cal., 858 F.2d 534, 538–40, 542–43 (9th Cir. 1988). As our sister circuit has recognized, an affirmative defense such as this "would not seriously disrupt the effective operation of section 2251(a), or materially hamper the vital effort to protect minors from sexual abuse" because the "defense would be entirely implausible under most circumstances." Id. at 542. But the facts of this case are different from "most circumstances," and it could be one of the "rare instances" where a defendant acted in an objectively reasonable manner with respect to verifying the alleged victim is an adult. Id. at 542–43.

———————————————